1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| 11    TIMOTHY S. DAUBERT, | CASE NO. 1:10-cv-01588-AWI-SKO |
| 12              Plaintiff, | **ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO** |
| 13    v. | **AMEND** |
| 14    CITY OF LINDSAY, | |
| 15              Defendant. | (Docket No. 1) |
| 16 | |
| 17    _____/ | |

18                        **I.    INTRODUCTION**

19         On September 1, 2010, Plaintiff Timothy S. Daubert ("Plaintiff") filed a complaint against

20    Defendant City of Lindsay ("Defendant") alleging generally that Defendant violated Title II of the

21    Americans with Disabilities Act of 1990 ("ADA").  (Doc. 1.)

22                        **II.    DISCUSSION**

23    **A.    Screening Standard**

24         In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

25    each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty

26    is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief

27    may be granted, or seeks monetary relief against a defendant who is immune from such relief.

28    28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to

1    amend may be granted to the extent that the deficiencies of the complaint can be cured by

2    amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

3    **B.      Failure to State a Claim**

4            In determining whether a complaint fails to state a claim, the Court uses the same pleading

5    standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

6    contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

7    R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

8    allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

9    accusation." *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp.*

10   *v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

11   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*,

12   550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's

13   liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

14   (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual

15   allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

16   *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

17   statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

18   **C.      Analysis**

19           Title II of the Americans with Disabilities Act provides:

20           [N]o qualified individual with a disability shall, by reason of such disability, be
             excluded from participation in or be denied the benefits of the services, programs, or
21           activities of a public entity, or be subjected to discrimination by any such entity.

22   42 U.S.C. § 12132.

23           To prove that a public program or service violates Title II of the ADA, a plaintiff must show:

24   (1) he is a "qualified individual with a disability," (2) he was either excluded from participation in

25   or denied the benefits of a public entity's services, programs, or activities, or was otherwise

26   discriminated against by the public entity, and (3) such exclusion, denial of benefits or discrimination

27   was by reason of his disability. *See id.* § 12132; *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*,

28   114 F.3d 976, 978 (9th Cir. 1997).

1   The ADA defines a disability in three ways: (1) "a physical or mental impairment that

2   substantially limits one or more of the major life activities" of an individual, (2) "a record of such

3   an impairment," or (3) "being regarded as having such an impairment."  42 U.S.C. § 12102(1).  In

4   this regard, a plaintiff has three ways to plead a disability.  To adequately allege an actual disability

5   under the ADA, a plaintiff must allege two elements: "(1) that she [or he] has a physical or mental

6   impairment; and (2) that such impairment substantially limits one or more of her [or his] major life

7   activities." *Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379, 383 (2d Cir. 1996).

8       Plaintiff's allegations are as follows:

9       1. Plaintiff States:  On August 17[,] 2009[,] at about 5am [sic] Plaintiff went to the
        Lindsay Community Center 801 ParkSide Lindsay Ca. 93247 [sic] to [g]et some
10      commodities [sic].  The truck comes to the Community Center between 5 am and 6
        am [sic].

11
        2. Plaintiff States:  There were many bumps and potholes in the street that Plaintiff
12      had to go on because there were no sidewalks in the City Park and Plaintiff had to go
        down this street to get to the Community Center.  The Street [sic] inside the City
13      Park makes a half circle from North to South or visa versa the Community Center
        Sits on the North side of the Park [sic].
14
        3. Plaintiff States: Plaintiff hurt his buttock and his spine going over these bumps
15      and potholes that Plaintiff could not see early in the morning [sic].

16      4. Plaintiff States:  Plaintiff[']s wife found bruises on Plaintiff[']s buttocks.

17      5. Plaintiff States:  Plaintiff[']s [sic] Dr. Wei Gu at the Veterans Hospital in Fresno
        ordered Plaintiff a softer seat and a new wheelchair that recline[s] because of the
18      constant bouncing on the rough street causing pressure on Plaintiff[']s spine.

19      6. Plaintiff States:  The City Park is in violation of Title 2 of the Americans With
        Disability Act 1990 [sic].
20
        7. Plaintiff States:  Plaintiff has to go to the Community Center every other month
21      and at other times.  Plaintiff request[s] that his Personal Injury [sic] complaint against
        the Defendant be granted.  And because injury will happen again if the potholes are
22      not fixed.  And the lack of sidewalks poses a danger to myself and the rest of the
        disabled [sic].  Plaintiff request[s] immediate Injunctive Relief [sic].
23
    (Doc. 1, ¶¶ 1-7.)
24
        First, the Court infers that Plaintiff uses a wheelchair as he states that his doctor has ordered
25
    him a new wheelchair (*see* Doc. 1, ¶ 5), but there is no allegation that Plaintiff is limited to a
26
    wheelchair or other allegations that explain the nature of Plaintiff's disability.  There must be some
27
    allegation showing that Plaintiff is a qualified individual with a disability pursuant to Title II.  *See*
28

3

1   42 U.S.C. § 12132.

2          Second, although Plaintiff complains of potholes in a certain road, he does not allege that the

3   potholes prevented him from participating in any services or otherwise resulted in discrimination

4   on the basis of his disability.  Plaintiff alleges that proceeding over or through these potholes hurt

5   his buttocks and spine (*see* Doc. 1, ¶¶ 3-5), but this is not sufficient to state a claim under the ADA.

6          For these reasons, Plaintiff's complaint must be dismissed.  Plaintiff will be given an

7   opportunity to amend his complaint to correct these deficiencies and must submit an amended

8   complaint within thirty (30) days.  Failure to do so will result in a recommendation that this action

9   be dismissed.

10         Plaintiff is reminded that an amended complaint supersedes the original complaint, *Forsyth*

11  *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

12  1987), and must be complete in itself without reference to the prior or superseded pleading.  Plaintiff

13  is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an

14  amended complaint are waived."  *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*,

15  644 F.2d 811, 814 (9th Cir. 1981)).  Plaintiff may not add any new, unrelated claims to this action

16  in his amended complaint.  Any attempt to do so will result in an order striking the amended

17  complaint or portions thereof.

18         Accordingly, Plaintiff's complaint is DISMISSED, and Plaintiff is GRANTED thirty (30)

19  days LEAVE TO AMEND.

20

21  IT IS SO ORDERED.

22  **Dated:    November 19, 2010**                         **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28